NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE CASIANO SOSA,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation licensed to practice the business of insurance in the State of Oregon,<br><br>        Defendant-Appellee. | No.   22-36051<br><br>D.C. No. 6:22-cv-00059-MC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted August 24, 2023[**]
Portland, Oregon

Before:  BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Jose Casiano Sosa appeals a district court decision (1) granting State Farm

Mutual Automobile Insurance Co.'s (State Farm) motion for summary judgment

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and (2) denying Sosa's motion for summary judgment on his claim that State Farm unlawfully limited the insurance payout provided to him. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review de novo a district court's grant of summary judgment, considering the record in the light most favorable to the non-moving party." *G & G Closed Cir. Events, LLC v. Liu*, 45 F.4th 1113, 1115 (9th Cir. 2022). We "may affirm the district court on any grounds the record supports." *Id.* at 1117 (citing *Sully v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013)).

Sosa was injured by an uninsured motorist while driving a vehicle he owned that was covered by a State Farm policy. State Farm paid out to Sosa the maximum damages available under that policy. Sosa, however, also holds State Farm policies insuring three other vehicles. He argues that those policies also covered his injuries, and that State Farm therefore should have paid him under those policies as well.

Sosa's argument is unavailing. The policies on his other vehicles expressly exclude the coverage he seeks. Specifically, they exclude coverage "for an insured who sustains bodily injury . . . while occupying a motor vehicle owned by . . . you if it is not your car" (capitalization and emphasis removed). The policies define "your car" as the "vehicle shown under 'YOUR CAR' on the Declarations Page . . . .'" And the car in which Sosa was injured is not shown on the Declarations

2

Page attached to his other policies. Accordingly, because Sosa was injured while driving a car he owned, and because that car was not covered by his three other policies, those policies excluded coverage for his injuries.

Sosa argues that this exclusion is inconsistent with Oregon's model automobile insurance policy. Oregon law requires all automobile insurance policies to provide uninsured motorist coverage that is "no less favorable in any respect to the insured" than the model policy set forth in statute. Or. Rev. Stat. § 742.504 (citing Or. Rev. Stat. § 742.502); *Vega v. Farmers Ins. Co. of Or.*, 918 P.2d 95, 100–01 (Or. 1996). But Oregon's model policy is consistent with the exclusion here, as the model policy excludes coverage for "bodily injury to an insured while occupying a vehicle, other than an insured vehicle, owned by . . . the named insured . . . ." Or. Rev. Stat. § 742.504(4)(b). And the model policy defines an "insured vehicle" as "[t]he vehicle described in the policy." *Id.* § 742.504(2)(d)(A).[1] Because Sosa was injured "while occupying a vehicle" that he "owned," "other than" "[t]he vehicle described in the polic[ies]" under which he seeks coverage, coverage for his injuries was appropriately excluded. *Id.* § 742.504(2)(d)(A), (4)(b).

---

[1] A "newly acquired or substitute vehicle" can also constitute an insured vehicle. *Id.*

Sosa nevertheless further argues that he was occupying "an insured vehicle" within the meaning of the model policy when he was injured. This argument, too, fails. The definition of "insured vehicle" in Oregon's model policy refers specifically to "[t]he vehicle described in the policy." *Id.* § 742.504(2)(d)(A). Sosa resists this interpretation, insisting that the model policy exclusion's reference to "*an* insured vehicle" rather than "*the* insured vehicle" indicates that the exclusion does not apply to vehicles covered by other policies issued by the same insurer. But the use of the word "an" rather than "the" simply accommodates the fact that an insurance policy may cover multiple vehicles. Despite Sosa's arguments to the contrary, the policy Sosa was issued by State Farm is thus entirely consistent with the model policy's coverage.

Sosa also argues that the Supreme Court of Oregon's decision in *Batten v. State Farm Mutual Automobile Insurance Co.*, 495 P.3d 1222 (Or. 2021), supports his construction of the model policy. But that case did not decide the issue presented here. Instead, *Batten* invalidated an insurance policy provision that limited the amount of coverage available when multiple uninsured motorist policies covered the same injury. *Id.* at 1223, 1225. The policies in *Batten* contained a provision providing that an insured could recover only the maximum amount available under a single policy. *Id.* at 1225. The Supreme Court of Oregon held that this provision was invalid, because Oregon's model policy contained no

4

comparable limitation on coverage—and in fact, Oregon had recently removed a model exclusion containing such a limitation. *Id.* at 1229–30. But that decision did not rule on the scope of the exclusion at issue here, which—unlike the exclusion in *Batten*—matches a comparable limitation in Oregon's model policy. *See id.*

Finally, Sosa points to legislative history to support his interpretation. He notes that Oregon amended the model policy in 2015 to remove the kinds of limitations that *Batten* invalidated. 2015 Or. Laws 5–6; *see also Batten*, 495 P.3d at 1230 (discussing this change). Sosa argues that this amendment indicated a general intent on the part of the legislature to bar policy provisions that prevent a claimant from receiving coverage from multiple policies at once. But the actual amendments were not so general; they did not alter the exclusion at issue here. *See* 2015 Or. Laws 4. And, for the reasons given above, that exclusion applies to Sosa's claims. Accordingly, the provisions of Sosa's policies excluding coverage for his claims are consistent with Oregon law.

**AFFIRMED.**[2]

---

[2] Because "there is little reason to doubt the answer to [the] state-law question" presented in this appeal, *Bliss Sequoia Ins. & Risk Advisors, Inc. v. Allied Prop. & Cas. Ins. Co.*, 52 F.4th 417, 423 (9th Cir. 2022), Sosa's motion to certify a question of law to the Supreme Court of Oregon (Dkt. No. 27) is denied.